IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BERNARD NATHANIEL CHRISTIAN     *
           Petitioner,

        v.                    *    CIVIL ACTION NO. CCB-10-2473
                                    CRIMINAL NO. CCB-03-351

UNITED STATES OF AMERICA       *
           Respondents.

                           ***

MEMORANDUM

Bernard Nathaniel Christian ("Christian") was found guilty of one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846. On February 7, 2005, criminal judgment was entered and he was sentenced to a 188-month term in the U.S. Bureau of Prisons and five years of supervised release. A special assessment of $100.00 was also imposed. *See United States v. Christian*, Criminal No. CCB-03-351 (D. Md.). The conviction was affirmed on appeal.[1] On April 29, 2009, the undersigned dismissed Christian's 28 U.S.C. § 2255 motion to vacate with prejudice.[2] *See Christian v. United States*, Civil Action No. CCB-08-2454 (D. Md.). The appeal was dismissed and a certificate of appealability was denied by the United States Court of Appeals for the Fourth Circuit on October 29, 2009.

On or about August 11, 2010, the court received Christian's latest filing, captioned as a "motion to correct sentence under Rule 60(B)," filed "in lieu of successive 2255 petition…" The motion raises an ineffective assistance ground previously not raised on post-conviction review and seeks a reduction of sentence. A Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas

---

[1]     *See United States v. Mitchell*, 226 Fed. Appx. 320 (4th Cir. 2007).

[2]     The motion raised several ineffective assistance of counsel grounds.

proceedings." *Gonzales v. Crosby*, 545 U.S. 524, 532 (2005). In contrast, a motion that seeks to advance substantive claims qualifies as a "second or successive habeas petition." *See id.; see also United States v. Winestock*, 340 F. 3d 200, 207 (4th Cir. 2003) (explaining that "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application...."). Christian does not challenge the court's previous decision to deny his motion to vacate. Rather, the pleading raises new grounds attacking his conviction and sentence. Consequently, the matter has been construed and instituted as a 28 U.S.C. § 2255 motion to vacate.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a "second or successive" petition for relief under § 2255 may not be filed in a district court unless the petitioner first obtains the "gatekeeping" authorization of the court of appeals certifying that the petition conforms to specified statutory requirements. *See* 28 U.S.C. §§ 2255, 2244(b)(3)(A). In the instant case Christian has undoubtedly filed a successive motion to vacate. The Fourth Circuit must first enter an order authorizing this court to consider the successive filing before this court can examine the merit of Christian's claims. *See* § 2244(b)(3)(A); *Felker v. Turpin*, 518 U.S. 651 , 664 (1996). It does not appear that Christian has complied with this "gatekeeper" provision and received Fourth Circuit authorization, and this court is therefore without jurisdiction to consider another such request. *See Evans v. Smith*, 220 F.3d 206, 325 (4th Cir. 2000); *In re Vial*, 115 F.3d 1192, 1194-95 (4th Cir. 1997) (en banc). The motion shall therefore be dismissed without prejudice pursuant to 28 U.S.C.   § 2244(b)(3).

The Fourth Circuit has set forth instructions for the filing of a "motion" to obtain the aforementioned authorization Order. The procedural requirements and deadlines for filing the

motion are comprehensive. Consequently, the Clerk shall provide a packet of instructions promulgated by the Fourth Circuit which addresses the procedure to be followed should Christian wish to seek authorization in the appellate court to file a successive § 2254 petition. It is to be emphasized that Christian must file the motion with the Fourth Circuit and obtain authorization to file his successive petition before this court may examine his claims. A separate Order follows.

Date: <u>September 24, 2010</u>         <u>      /s/         </u>
Catherine C. Blake
United States District Judge